IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2013 FEB 19 P 12: 51

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOSEPH L. BUCKLEY, )
        Plaintiff, )
v. ) Civil Action No.: 1:13cv224
) JCC/IDD
HIRERIGHT SOLUTIONS, INC., )
SERVE: Corporation Service Company )
        Bank of America Center 16th Floor )
        111 East Main Street )
        Richmond, VA 23219 )
                Defendant. )
)

## COMPLAINT

Plaintiff, JOSEPH L. BUCKLEY ("Mr. Buckley"), by counsel, seeks judgment against the Defendant HireRight and states as follows:

### Preliminary Statement

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("Fair Credit Reporting Act" or "FCRA"). Defendant HireRight operates as a consumer reporting agency to prepare and furnish consumer reports for employment and other purposes. Defendant HireRight furnished investigative consumer reports to Personnel Decisions Research Institutes, Inc. a SHL Group Limited company ("PDRI/SHL") a potential employer of Mr. Buckley that contained patently inaccurate information. Relying on the inaccurate information provided in the investigative consumer report, PDRI/SHL caused the discharge of Mr. Buckley and withdrew his name from consideration for a position with PDRI/SHL. As a result, Mr. Buckley, by example only and without limitation, suffered damages as follows: loss of employment; damage to reputation; embarrassment and humiliation; and other emotional and mental distress.

## Jurisdiction

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367. Defendants are subject to personal jurisdiction in the Eastern District of Virginia, Alexandria Division, by virtue of the business they conduct in the division. Venue is proper in this jurisdiction.

## Parties

3. Mr. Buckley is a natural person and a "consumer" as defined by the FCRA.

4. Defendant HireRight Solutions, Inc. ("Defendant HireRight") is a foreign corporation transacting business in Virginia and maintains a registered agent office in Richmond, Virginia. At all times relevant to this action, Defendant HireRight was a "consumer reporting agency" as defined by the FCRA.

5. Defendant HireRight is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "investigative consumer reports", as defined in 15 U.S.C. §1681d, to third parties.

6. Defendant HireRight regularly furnishes such investigative consumer reports to third parties under contract for monetary compensation.

## Facts

7. In late 2012, Mr. Buckley began working with PDRI/SHL through a staffing company.

8. In December 2012, Mr. Buckley sought a more permanent position with PDRI/SHL.

9. PDRI/SHL expressed its excitement about Mr. Buckley becoming a more permanent part of the "PDRI team". To that end, PDRI/SHL required a background verification and drug screen.

10. PDRI/SHL informed Mr. Buckley that it uses Defendant HireRight to perform the background verification and drug screen. Thereafter, Mr. Buckley communicated directly with Defendant HireRight concerning the background verification and drug screen.

11. On or about December 14, 2012, Mr. Buckley successfully submitted the required forms to Defendant HireRight.

12. On or about December 19, 2012, Defendant HireRight furnished PDRI/SHL with an investigative consumer report. Mr. Buckley was not provided a copy of the investigative consumer report contemporaneously.

13. The investigative consumer report incorrectly stated that Mr. Buckley was a convicted felon. However, Mr. Buckley has never been convicted of a felony.

14. The investigative consumer report also reported a single incident multiple times, so that Mr. Buckley's criminal record history appeared longer and more serious than it actually was. Undoubtedly, making Mr. Buckley a less desirable applicant and more likely not to be hired by PDRI/SHL.

15. On or about December 21, 2012, relying on the inaccurate information provided in the investigative consumer report, PDRI/SHL caused the discharge of Mr. Buckley and withdrew his name from consideration for a position with PDRI/SHL. Such adverse action was taken before Mr. Buckley was furnished a copy of the investigative consumer report.

16. On or about December 26, 2012, Mr. Buckley was provided with a copy of the investigative consumer report. Mr. Buckley immediately obtained court records that proved he was not a convicted felon and provided the same to Defendant HireRight and PDRI/SHL.

17. Mr. Buckley was told by PDRI/SHL that they would love to have him back but that he needed to have a background check company confirm that he was not a convicted felon first.

18. Despite providing a investigative consumer report for employment purposes to PDRI/SHL containing public record information likely to have an adverse effect upon Mr. Buckley's ability to obtain or maintain employment, Defendant HireRight failed to provide notice at the time to Mr. Buckley of the fact that the public record information was being reported by it, together with the name and address of the person to whom such information was being reported.

19. In addition, Defendant HireRight failed to maintain strict procedures designed to ensure that public information likely to have an adverse effect on Mr. Buckley's ability to obtain employment was complete and up to date. Defendant HireRight furnished public information to PDRI/SHL that was patently inaccurate, incomplete and not up-to-date.

20. Defendant HireRight knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

21. Defendant HireRight obtained or had available substantial written materials that apprised them of its duties under the FCRA.

22. Despite knowing these legal obligations, Defendant HireRight acted consciously in breaching its known duties and depriving Mr. Buckley of his rights under the FCRA.

23. Mr. Buckley alleges that Defendant HireRight's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## COUNT I - VIOLATION OF 15 U.S.C § 1681e(b)

24. Mr. Buckley realleges, reaffirms, and incorporates paragraphs 1-23 above as if fully set forth herein.

25. Defendant HireRight violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the

4

consumer report it furnished regarding Mr. Buckley.

26. As a result of this conduct by Defendant HireRight, Mr. Buckley suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. Defendant HireRight's violations of 15 U.S.C. §1681e(b) was willful, rendering Defendant HireRight liable pursuant to 15 U.S.C. §1681n. In the alternative, Defendant HireRight was negligent entitling Mr. Buckley to recover under 15 U.S.C. §1681o.

28. Mr. Buckley is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant HireRight in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II - VIOLATION OF 15 U.S.C §1681k(a)(2)

29. Mr. Buckley realleges, reaffirms, and incorporates paragraphs 1-24 above as if fully set forth herein.

30. Defendant HireRight violated 15 U.S.C. §1681k(a)(2) by failing to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

31. Defendant HireRight failed to create a complete and up to date investigative consumer report for PDRI/SHL concerning Mr. Buckley's employment.

32. As a result of Defendant HireRight's conduct, actions, and inaction, Mr. Buckley has suffered actual damages.

33. Defendant HireRight's conduct, actions, and inaction were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to

5

15 U.S.C. §1681n. In the alternative, Defendant HireRight was negligent, entitling Mr. Buckley to recover pursuant to 15 U.S.C. § 1681o.

34. Mr. Buckley is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Defendant HireRight in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

WHEREFORE, Plaintiff, JOSEPH L. BUCKLEY, requests the following relief:

1. That the Court award Mr. Buckley compensatory, statutory, and punitive damages against Defendant HireRight;

2. That the Court award Mr. Buckley injunctive and declaratory relief, specifically ordering that Defendant HireRight cease the reporting of any derogatory information regarding said tradeline;

3. That the Court award Mr. Buckley pre-judgment and post-judgment interest at the legal rate and his attorney's fees and costs; and

4. That the Court award Mr. Buckley any further relief it deems proper.

## DEMAND FOR TRIAL BY JURY

Mr. Buckley demands trial by jury as to all issues against Defendant.

JOSEPH L. BUCKLEY

By: _____
Counsel

John C. Bazaz, Esq., VSB #70796
Counsel for Mr. Buckley
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

Leonard A. Bennett, Esq., VSB #37523
Counsel for Mr. Buckley
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@clalegal.com