IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| JOSEPH L. BUCKLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:13cv224 (JCC/IDD) |
| | ) | |
| HIRERIGHT SOLUTIONS, INC., | ) | |
| Defendant. | ) | |

**PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(A) and the Court's Order of April

2, 2013, the parties hereby propose the following joint Discovery Plan:

1.    <u>Conclusion of Discovery</u>.  Discovery will be concluded by Friday, **July 12, 2013**

as provided in the Court's Initial Scheduling Order.

2.    <u>Initial Disclosures</u>. The parties agree that all Fed. R. Civ. P. 26(a)(1) disclosures

shall be completed by **April 30, 2013**.

3.    <u>Claims, Defenses and Settlement</u>.  The parties have conferred as to the nature and

basis of their claims.  The parties are engaged in settlement discussions.  The parties are willing

to consider Court-supervised mediation at an appropriate time.

4.    <u>Discovery Schedule</u>.  The parties do not believe that the Local Civil Rules should

be altered with respect to the timing of discovery, except as specifically set forth herein.

Accordingly, all requests for written discovery should be served so that answers thereto shall be

due to be served not later than the discovery cut-off date.

5.      <u>Limits on Discovery</u>.  A party may not exceed five (5) non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court.  In all other respects, the limits on discovery set forth in the Federal Rules of Civil Procedure shall apply in this case.

6.      <u>Service of Papers and Pleadings</u>.  The parties agree to accept service of any non-ECF pleadings and papers by email in .pdf format upon counsel of record.

7.      <u>Discovery of Electronically Stored Information</u>.  The parties agree that ESI is to be produced as provided in Fed. R. Civ. P. 34(b)(2)(E) and further agree to work in good faith to resolve any disputes about the production of ESI that may arise.

8.      <u>Privileged or Protected Materials</u>. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in accordance with Fed. R. Civ. P. 26(b)(5).  The parties agree and request that the Court modify the requirement of Local Civil Rule 26(C) to permit objections to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, to be served within thirty (30) days after the service of the interrogatories, request, or application.  The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production.  Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5).

9.      <u>Protective Orders</u>. Counsel have discussed entry of a stipulated protective order and intend to file one with the Court.

10.   <u>Filings Under Seal</u>. Any motion to file a document under seal must comply with Local Civil Rule 5.

11.   <u>Expert Discovery</u>.

a.   The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made first by the Plaintiff not later than **May 31, 2013** then by the Defendant not later than **June 14, 2013**. Plaintiff shall disclose no later than **June 28, 2013** any evidence that is solely contradictory or rebuttal evidence to the Defendant's disclosure.

12.   <u>Subjects of Discovery</u>.  The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules.

13.   <u>No Trial by Magistrate</u>.  The parties do not agree to submit to the jurisdiction of a magistrate judge in this case.

14.   <u>Chambers Copies of Motions</u>.  Paper copies of motions (and documents pertaining to motions) shall be delivered directly to the chambers of the undersigned magistrate judge in accordance with the Alexandria Chambers Copy and Other Division-Specific Information document.

15.   <u>Motions Procedures</u>.

a.   All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the Final Pretrial Conference on **July 12, 2013**.  Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings.  A non-dispositive motion must be filed by 5:00 p.m. the Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the

3

hearing.  All motions must contain a statement that a good faith effort to narrow areas of

disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule

37(E) for discovery motions.

        b.     All motions must adhere to the page limits set in Local Civil Rule 7(F)(3).

No pleading shall be in type less than ten (10) pitch or twelve (12) point font.

      16.    <u>Filing of Certain Materials</u>.  Disclosures under Fed. R. Civ. P. 26(a)(1) and (2),

notices of depositions, interrogatories, requests for documents and admissions, and answers

thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

      17.    <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations</u>.  The parties agree that

the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be

called at trial and a written stipulation of uncontested facts will be filed electronically with the

Court on or before the date of the Final Pretrial Conference.  Objections to exhibits will be filed

within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in

evidence.   The original exhibits shall be delivered to the clerk as provided by Local Civil Rule

79(A).

      18.    <u>Jury Instructions and Voir Dire</u>.  In the event this case is tried before a jury, each

party shall proceed in accordance with Local Civil Rules concerning jury instructions and

objections.

      The parties respectfully request that the Court adopt this Discovery Plan.

WE ASK FOR THIS:

LAW OFFICES OF JOHN C. BAZAZ, PLC


By:____/s/ John C. Bazaz_____
       John C. Bazaz, Esq., VSB #70796
       Counsel for Mr. Buckley
       Law Offices of John C. Bazaz, PLC
       4000 Legato Road, Suite 1100
       Fairfax, VA 22033
       Telephone: 703-272-8455
       Facsimile: 703-596-4555
       jbazaz@bazazlaw.com

       Leonard A. Bennett, Esq., VSB #37523
       Counsel for Mr. Buckley
       Consumer Litigation Associates, P.C.
       763 J. Clyde Morris, Suite 1-A
       Newport News, VA 23601
       Telephone: 757-930-3660
       Facsimile: 757-930-3662
       lenbennett@clalegal.com

SEEN AND AGREED:

WILLIAMS & CONNOLLY, LLP

By:____/s/ Amy R. Davis_____
       Amy R. Davis, Esq., VSB #72872
       Counsel for Defendant
       Williams & Connolly, LLP
       725 12th Street, N.W.
       Washington, D.C. 20005
       Telephone: 202-434-5000
       Facsimile: 202-434-5029
       adavis@wc.com